

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
~~XXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN, TEXAS

February 20, 1939

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-313
Re: Expenses of district attorney
in trial of case outside his
district removed on change of
venue.

We are in receipt of your letter of February
8th in which you request our opinion whether the Dis-
trict Attorney of the 51st Judicial District is authori-
zed to receive expenses while trying a case transferred
on change of venue to the 32nd Judicial District.

The District Attorney is a constitutional offi-
cer. The office is authorized by Article 5, section 21,
as follows:

"....The county attorneys shall repre-
sent the State in all cases in the District
and inferior courts in their respective
counties; but if any county shall be included
in a district in which there shall be a dis-
trict attorney, the respective duties of dis-
trict attorneys and county attorneys shall in
such counties be regulated by the Legislature.
The Legislature may provide for the election
of district attorneys in such districts, as
may be deemed necessary, and make provision
for the compensation of district attorneys,
and county attorneys; provided district attor-
neys shall receive an annual salary of five
hundred dollars, to be paid by the State, and
such fees, commissions and prequisites as may
be provided by law......"

Article 3886-f, R. C. S., 1925 (Vernon's Anno-
tated Revised Civil Statutes), same being Acts 1935, 44th
Leg., 2nd C. S., p. 1710, ch. 442, provides compensa-
tion for District Attorneys and a portion of the statute
provides:

"Nothing in this Act shall be construed
so as to deprive District Attorneys of the

expense allowance allowed or which may here-
after be allowed by law."

Article 6820, R. C. S., 1925 provides:

"All District Judges and District Attorneys
when engaged in the discharge of their offi-
cial duties in any county in the state other
than the county of their residence shall be
allowed their actual and necessary expense
while actually engaged in the discharge of
such duties......"

not to exceed certain amounts as stipulated by said sta-
tute.

Provision is made by the terms of Article 6823,
R. C. S., as amended, for the payment of traveling and
other necessary expenses incurred by the various officers,
assistants, deputies, etc.,

"in the active discharge of their duties."

We quote from Texas Jurisprudence, Vol. 34, p.
533, Sec. 116, as follows:

"An allowance for expense incurred, in
addition to compensation fixed by the Consti-
tution, may be valid and statutes provide for
the necessary expense incurred by various
State and County officers in the performance
of their official duties."

The general duties of the District Attorney are
provided by Article 25, C. C. P., 1925. We quote:

"Each district attorney shall represent
the State in all criminal cases in the district
courts of his district, except in cases where
he has been, before his election, employed
adversely. When any criminal proceeding is
had before an examining court in his district
or before a judge upon habeas corpus, and he
is notified of the same, and is at the time
within the county where such proceeding is
had, he shall represent the State therein,
unless prevented by other official duties."

We find no express language of the Legislature
relative to the duties of the District Attorney, where
the venue is changed from his district. We believe, how-
ever, the language of Article 6820, supra, construed in
the light of the other statutes and authorities, shows
such expense was contemplated. It is obvious the best
interests of the State would be served by the presence
and participation in the trial by the prosecuting attor-
ney of the county wherein the case originated.

In view of the foregoing, it is the opinion of
this Department that the District Attorney may collect
his actual and necessary expense where he follows a case
transferred from a county of his district, not to exceed

the amount prescribed by law, and that the District Attorney of the 51st Judicial District is entitled to receive his actual necessary expenses while trying a case transferred on change of venue to the 32nd Judicial District.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Benjamin Woodall
Benjamin Woodall
Assistant

BW:AW:jrb

APPROVED:
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS